(29 Misc. Rep. 465.)

PEOPLE ex rel. SMITH v. HAMILTON.

(Supreme Court, Special Term, Monroe County. November, 1899.)

INTOXICATING LIQUORS—LIQUOR TAX—TREASURER—CERTIORARI.

    Under Liquor Tax Law (Laws 1897, c. 312) § 28, providing that, if a county treasurer shall refuse to issue a liquor tax certificate, he shall indorse his reasons therefor on the application, and further providing that his action in so doing may be reviewed by a justice of the supreme court

by writ of certiorari, the justice has no authority to inquire into the legality of an election on the question of local option, by virtue of which the certificate was denied, but is confined to a determination of the question whether the tax certificate was denied without good and valid reasons therefor.

Certiorari by the people, on the relation of Elmer L. Smith, against John B. Hamilton, as county treasurer of Monroe county, to review respondent's action in refusing to issue a liquor tax certificate to relator.   Dismissed.

George D. Forsyth, for relator.
P. W. Cullinan, for respondent.

NASH, J.   The appellate division of this department holds that a certificate in the form of the one set out in the return of the county treasurer is sufficient information of the result of the vote at the election in the town on the question of local option for him to act, and that the contents of the certificate authorized the denial of a liquor tax certificate to an applicant from the town in which the election was held.   But the relator has set out in his petition facts tending to show illegality in the election held in the town of Ogden on the question of local option, and offers to prove the facts set up in his petition; and it is urged that the justice in this proceeding has the power, and is required, to examine into the question raised as to the validity of the election.   I am unable to find authority in the statute for anything more than to inquire into and review the act of the officer in refusing the certificate.   The statute provides:   That, when any officer charged with the duty of issuing a liquor tax certificate under the provisions of the act shall refuse to issue the same, he shall indorse upon the application therefor, or attach thereto, a statement of his reasons for such determination, and furnish to the applicant a copy of such statement.   Such applicant shall have the right to a writ of certiorari to review the action of such officer.   If such justice shall, upon the hearing, determine that such application for a liquor tax certificate or for a transfer has been denied by such officer without good and valid reasons therefor, and that under the provisions of this act such liquor tax certificate should be issued, such justice may make an order commanding such officer to grant such application, and to issue a liquor tax certificate to such applicant upon the payment of the tax or fee therefor.   It will be seen that by the provisions of the statute the right to the writ is given simply to review the action of the officer.   The only authority the justice has is to determine whether the liquor tax certificate has been denied by such officer without good and valid reasons therefor.   The writ issues to the officer, and his proceedings are to be reviewed,—nothing further.   The justice sits as such, and not as a court with inherent power to bring papers and witnesses before it.   There is no power given to the justice to direct the writ to issue to the town clerk or the election officers, requiring him or them to make a return of his or their proceedings; nor is there any power given to the justice granting the writ to inquire into the validity of an election.   These are powers which must be given in express terms, and cannot be inferred from

phrases culled from the statute or separated from the context. The writ must be quashed. Writ of certiorari dismissed, with $10 costs.
Writ dismissed, with $10 costs.